UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FRANKI BOLORIN, ET AL.,  :
    Plaintiffs,  :
                       :
    v.  :
                       :
DAVID F. BORRINO, ET AL.,  :   CASE NO. 3:06CV1295(AWT)
    Defendants.  :

ORDER

Pending before the court is the plaintiffs' motion to compel discovery responses, doc. #19.

The defendants' objection, which was untimely, does not address the merits of the motion but states only that it should be denied because no conference was held between plaintiffs' counsel and defense counsel. See D. Conn. L. Civ. R. 37(a)(2). However, plaintiffs' motion is accompanied by an affidavit from their counsel indicating that she attempted on two occasions to initiate a discussion of the discovery issues and received no response.

The plaintiffs' motion to compel is granted in part and denied in part, as follows:

Interrogatory 1: The plaintiffs seek to compel disclosure of the last known addresses, including home addresses, of certain of the defendants' employees who worked on the Deutsche Bank v. Bolorin, et al. matter. The defendants have refused to provide the employees' home addresses on the grounds that the employees did not consent to such disclosure and have also objected to disclosure of a former employee's last known address based on

"privacy concerns and employer liability concerns."

The motion to compel is granted as to this request. The addresses shall be disclosed for counsel's use only, shall not be disclosed to the plaintiffs and shall be used and retained for purposes of this case only.

Interrogatory 2: Granted in part and denied in part. Within ten days, the defendants shall produce a privilege log complying with D. Conn. L. Civ. R. 37(a)(1).

Request for Production 1: Granted in part and denied in part. Within ten days, the defendants shall produce a privilege log complying with D. Conn. L. Civ. R. 37(a)(1).

Request for Production 3: Granted in part and denied in part. Within ten days, the defendants shall produce a privilege log complying with D. Conn. L. Civ. R. 37(a)(1).

Request for Production 5: Granted in part and denied in part. Within ten days, the defendants shall produce a privilege log complying with D. Conn. L. Civ. R. 37(a)(1). The motion to compel production of the retainer agreement and "collection communications" is denied without prejudice to refiling after production of the privilege log.

Request for Production 8: This request seeks "[t]he name and docket number of all foreclosure matters against natural persons which defendants withdrew upon learning that the mortgage at issue was paid to date." The court finds that the request is overbroad

and vague. As written, the request is unlimited in time and requests information about all foreclosure matters handled by the firm, regardless of who the client is and the nature of the foreclosure matter. The motion to compel is denied without prejudice to reformulation of the request.

If the defendants object to a reformulated request on grounds that the requested information is protected from disclosure by statute, their objection shall include specific statutory citations supporting their position.

SO ORDERED at Hartford, Connecticut this 23rd day of April, 2007.

                                  /s/
                            Donna F. Martinez
                            United States Magistrate Judge