UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FRANKI BOLORIN, ET AL.,           :
                                  :
     Plaintiffs,                  :
                                  :
     v.                           :
                                  :     CASE NO. 3:06CV1295(AWT)
DAVID F. BORRINO, ET AL.,         :
                                  :
     Defendants.                  :

<u>RULING ON MOTION TO COMPEL</u>

Pending before the court is the plaintiffs' Renewed Motion to Compel Discovery (doc. #32). The plaintiffs seek to compel the production of certain materials that the defendants have refused to produce on the basis of attorney-client privilege. The materials at issue appear to be communications between the defendant law firm and Chase Home Finance, LLC ("Chase"), a non-party to this action, regarding a foreclosure action brought against the plaintiffs.

Plaintiffs' motion concerns discovery requests originally served in November, 2006. The plaintiffs filed their first motion to compel on February 20, 2007 (doc. #19). In that motion, plaintiffs explained that the defendants had objected to some of the discovery requests on the grounds of attorney-client privilege but had failed to produce a privilege log. On April 23, 2007, the court ordered that "[w]ithin ten days, the defendants shall produce a privilege log complying with D. Conn. L. Civ. R. 37(a)(1)." (Doc. #27.) On or about May 1, 2007, the

defendants produced a 20-page privilege log and several redacted items.

The plaintiffs filed their Renewed Motion to Compel (doc. #32) on June 9, 2007.  The defendants failed to object or respond in any way to the Renewed Motion to Compel until after the court entered an order to show cause.  (See docs. #34, 35.)  Their show cause memorandum, filed on July 18, 2007, provided no explanation for their failure to respond.  (See doc. #35.)

At oral argument, the defendants conceded that their privilege log contained no Bates stamp numbers or other numbering to permit identification of each document and that it did not provide any indication as to which documents were responsive to which production requests.  (See, e.g., Transcript of 8/22/07 hearing at 9-12.)  There was a long discussion about the defendants' failure to make any record that Chase was even the defendants' client at the time the communications were made. (Id. at 13-17.)  As plaintiff noted, the privilege log describes the authors and recipients of each document but provides little to no information about the content or why it is privileged.  In short, the defendants' privilege log simply is insufficient to permit the court to determine whether the documents were privileged.[1]

---

[1]The defendants agreed at oral argument to withdraw their privilege claim as to some items, but the court received a letter after the oral argument suggesting that the defendants intended to

Mindful of the importance of the privilege, the court entered an order requiring the defendants to produce and file with the court a new privilege log, with each document numbered and with additional information. (Doc. #45.) The defendants were also ordered to submit the documents to chambers for an *in camera* review. (Id.) All of this was to be done by January 10, 2008. The defendants did not comply.

"Where federal law provides the rules of decision applicable to the substantive claims, issues of privilege are governed by the federal common law." Schiller v. City of New York, 245 F.R.D. 112, 115 (S.D.N.Y. 2007)(internal citations omitted). Because plaintiff's claims are brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq., that is the case here.

"The broad outlines of the attorney-client privilege are clear:

> (1) where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived.

United States v. International Bhd. of Teamsters, 119 F.3d 210, 214 (2d Cir. 1997) (internal citation and quotation marks

---

change their position, at least in part. The defendants made no supplemental filing, so the record does not reflect any change of position.

omitted). "It is now also well established that the privilege attaches not only to communications by the client to the attorney, but also to advice rendered by the attorney to the client, at least to the extent that such advice may reflect confidential information conveyed by the client." Hartford Life Ins. Co. v. Bank of Am. Corp., No. 06 Civ. 3805 (LAK) (HBP), 2007 U.S. Dist. LEXIS 61668, 13-14 (S.D.N.Y. Aug. 21, 2007) (internal citations and quotation marks omitted). "The burden of establishing the existence of an attorney-client privilege, in all of its elements, rests with the party asserting it." Schiller v. City of New York, 245 F.R.D. 112, 115 (S.D.N.Y. 2007)(internal citations and quotation marks omitted).

The defendants have failed to bear their burden of proving that the attorney-client privilege applies to the documents. The defendants' privilege log shows superficial compliance with the requirements of D. Conn. L. Civ. R. 26(e)[2] but lacks sufficient substantive detail for a meaningful review of the application of the privilege. Bowne v. AmBase Corp., 150 F.R.D. 465, 474 (S.D.N.Y. 1993) (even where a privilege log is submitted, if the party invoking the privilege does not provide sufficient detail to demonstrate fulfillment of all the legal requirements for application of the privilege, his claim will be rejected); United States v. Construction Prods. Research, 73 F.3d 464, 473 (2d Cir.

---

[2]Formerly D. Conn. L. Civ. R. 37(a)(1).

1996) (a privilege log must be sufficiently detailed to permit a judgment as to whether the document is at least potentially protected from disclosure, and other required information should be submitted in the form of affidavits or deposition testimony); Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co., 240 F.R.D. 44, 47 (D. Conn. 2007) (the burden of proving privilege cannot be met by mere conclusory or ipse dixit assertions in unsworn motion papers authored by attorneys but depends on the production of an adequately detailed privilege log sufficient to enable the demanding party to contest the claim).  The privilege log tells the court that the defendants communicated with individuals at Chase regarding the case, but the court cannot determine from the record before it whether these were confidential communications between an attorney and client made in confidence for the purpose of providing legal advice.

The court has given the defendants multiple opportunities to perfect and prove their privilege claim, despite their own failure to protect that claim.  The court's most recent order was intended to give the defendants another opportunity to provide a usable privilege log.  The court went so far as to give the defendants the opportunity for a time-intensive *in camera* review.  The defendants disregarded the court's order.

The plaintiff's Renewed Motion to Compel Discovery (doc. #32) is denied as moot as to Interrogatory #1, based on the

representation of plaintiffs' counsel at oral argument that the defendant had already complied. The motion is granted as to the remaining requests.

SO ORDERED at Hartford, Connecticut this 11th day of February, 2008.

```
               /s/
       Donna F. Martinez
       United States Magistrate Judge
```